# Powell *et al. v.* Powell.

*Bill in Equity, by Heir against Administrator, to remove Settlement of Estate from the Probate to the. Chancery Court, for Final Settlement, and Account.*

1. *An administrator purchasing a decree against his estate,—when enures to the benefit of estate ; when entitled to credit.*—If an administrator purchase a decree which is a debt or charge against the estate, at less than the amount due on it, the benefit of the purchase enures to the estate, but he is entitled to be reimbursed the amount of his private funds used in making the purchase.

2. *When heirs have a right to claim the benefit of a purchase of the estate lands by the administrator.*—The decree having been rendered under a bill foreclosing a vendor's lien on land, and the administrator becoming the purchaser of the land at the sale under the decree, prior to his purchase of the decree; the right of the heirs to claim the benefit of the

latter purchase, as being made for the estate, is independent of their right of election to claim the benefit of the former

3. *When heirs may elect to claim profit arising from resale—when administrator entitled to be repaid.*—The land having been resold by the administrator at a profit, the heirs may, at their election, claim the profit arising from the resale; but, if they so elect, the administrator is entitled to be repaid the purchase-money expended by him, and also to the rents and profits accruing up to the resale.

4. *Election must be in unambiguous terms.*—Such election, to be effective, must be clearly manifested, and declared in unambiguous terms; and in a bill which seeks to bring the administrator to a settlement, if the heirs desire to claim the profits of the resale, they must distinctly aver their election, and the facts on which it is based, or assert their claim before the register, before entering on a statement of the account.

APPEAL from Lowndes Chancery Court.

Heard before the Hon. JOHN A. FOSTER

This was a bill filed by Claudius W. Powell, Jr., against George N. Powell, the administrator of the estate of orator's father, Claudius W. Powell, Sr., and the sureties on the administrator's bond, and was commenced on March 20th, 1883. The bill charges that a large amount of personal property and choses in action of the estate had passed into the hands of the defendant, Powell, for which he had not properly accounted, and that he had purchased the lands of the estate, sold under the order of the Probate Court, and had failed to account for the proceeds of the sale.

The prayer of complainant's bill is that the defendant, Powell, be compelled to make a final settlement of his administration of said estate; that the sureties on his bond be made parties defendant, and that the administration of the said Claudius W. Powell Sr's estate be removed into the Chancery Court for final settlement; that the administrator be held to account for all the property of the estate, and that the lands in his possession, formerly belonging to the estate, be subjected to the payment of any decree that might be rendered in favor of complainant.

The respondents file their plea in bar to the relief sought by the complainant, setting up a final settlement of said estate claimed to have been had by the administrator, in the Probate Court, on the 9th of February, 1874. This plea, upon hearing, was overruled, and respondent ordered to file his accounts within a stated time. It was further ordered by the court that after the filing of said accounts the register should fix a day to hear evidence and determine upon the matters of the account and report the result of his findings to the next succeeding term of the court. Upon the coming in of the register's report, the respondent, Powell, filed a number of exceptions, the nature of which, and the action of the court in reference thereto, sufficiently appear in the opinion of this court.

[Powell et al. v. Powell.]

STONE, C. J.—Claudius W. Powell, Jr., is the only child and heir at law of Claudius W. Powell, Sr., deceased, and George N. Powell became the administrator of the latter's estate. The present bill was filed by the heir and distributee, to bring the administrator to a settlement. Before the death of Claudius W., he purchased from Coster & Coxe a tract of land, and died owing the purchase-money. Under a bill filed for the purpose against the heir and administrator, Coster & Coxe obtained a decree, ascertaining the sum of the unpaid purchase-money to be thirty-one hundred and fifty-eight dollars, and ordering the land to be sold for its payment. The land was sold, and Geo. N. Powell became the purchaser at the price of three hundred and thirty dollars ; the sale was confirmed, and deed made to him by the register. Geo. N. had the possession, use and occupation of the land, for about four years, and sold it for more than double what it cost him.

On the day succeeding the sale by the register, George N. Powell purchased the said decree of Coster & Coxe against Powell, from one Cantelou, and obtained a transfer of it, with all its rights and liens, to himself individually. How Cantelou became the owner of it, with the right to dispose of it, does not appear, except that Coster & Coxe had acquired their title or right to it from him. No question is raised, however, on Cantelou's right to control and dispose of the decree. Both parties base their claim on the fact and validity of his transfer. Powell purchased at greatly less than the face of the decree, paying for it with with his own means, except the sum of about three hundred dollars, a debt due from Cantelou to the estate of Claudius W. Powell. One effect of the purchase of the decree by Geo. N. Powell was, that he obtained back the three hundred and thirty dollars he had given for the land at the register's sale, less the costs of the suit—something over eighty dollars.

In the decretal order of reference, the chancellor gave no instructions to the register ; and the register, in stating the account, permitted the said Geo. N. to retain the rents and proceeds of sale of said land. In other words, he treated the land, its use or rents, and the proceeds of its sale, as the individual property of the said Geo. N. He allowed him a credit for all the money and means, his individual property, which he had used and expended in the purchase and liquidation of the decree, less the sum the land sale yielded in excess of the costs of the chancery suit. There were exceptions to the register's report, by complainant, among other matters, as follows :

" 8. Complainant excepts to the register's allowance to the adm'r of $762.94 on account of the Cantelou matter." This, we may state here, is the sum, with interest, expended by Geo. N. Powell of his own means, in the purchase of the decree from Cantelou.

[Powell et al. v. Powell.]

" 9. Complainant excepts to the refusal to charge the adm'r with the rents of the lands of said estate for the years 1872, 1873, 1874 and 1875, and interest thereon ; and the refusal of the register to charge the administrator with the amount of money received for said lands from Sanderson, Jan'y 3, 1876, and the interest thereon, growing out of said Cantelou matter, referred to in the last exception." The chancellor sustained the 8th exception, and struck out the credit of $762.94, which the register had allowed the administrator. He overruled the 9th exception. Geo. N. Powell alone appeals, and the single error he complains of is the sustaining by the chancellor of the complainant's 8th exception.

It is very manifest that, in any aspect in which this case may be reviewed, the 8th exception ought to have been overruled. The sale of the land had left the whole balance of the decree—more than twenty-eight hundred dollars—a debt and charge against the estate of Claudius W. Powell. This debt Geo. N. Powell purchased and extinguished, at about one-third of its face amount. He did not become the owner of it for the sum it expressed. Filling a trust relation, he could not speculate and make a profit out of the trust property. The profit, whatever it was, belonged to the trust estate. 1 Perry on Trusts, § 428 ; *Royall v. McKenzie*, 25 Ala. 363. He was not required, however, to sustain any loss by the operation. The estate took the benefit of his bargain, and must assume the burden of the purchase. Whatever of the administrator's private funds went into the purchase, must be regarded as so much money rightfully disbursed for the benefit of the estate. For this he was entitled to a credit in his settlement, as the register rightfully found. And this right was not at all dependent upon that other inquiry, whether the estate or Geo. N. Powell claimed and obtained the land, its rents, and the proceeds of its sale. In either event, the administrator was entitled to a credit for all money paid by him from his personal effects, of which the estate took the benefit. All paid by him personally in the purchase and liquidation of the decreed debt, less the sum realized in the register's sale of the land, falls within this principle, even if he be permitted to hold the land as a personal purchase. The difference, and the only difference is, that if the estate successfully claim the land as purchased for its benefit, then the administrator is entitled to a further credit of the sum paid by him in the purchase of the land. Obtaining the land, the estate must take it with the burden of its purchase. The error in this case seems to have been fallen into, by considering the administrator's right to retain the land, and the right to be repaid the money expended in the purchase of the decree, as elective, or alternative rights, of

[Powell et al. v. Powell.]

which the successful assertion of one, is the abandonment of the other.

It is contended by appellee that the estate, and not Geo. N. Powell, should have the benefit of the land purchase, and that this would constitute a further debit against the administrator, of the value of the use and occupation, while he held the land, and of the profit he realized in the resale. This, it is argued, will more than compensate him for the credit stricken from his account. We need not and do not decide whether it would be permissible for us to set off one error against another, and thus neutralize the erroneous ruling. In the mere matter of stating an account, cases may arise in which it would be permissible to do so. But the question is not so presented in this record as that we can consider it.

Whether the administrator, when he made the purchase at the register's sale, thereby armed the beneficiary—the distributee—with the right to claim the purchase as being made for the estate, was, at most, a mere matter of option, or election in the distributee. He alone could make the election ; for the administrator could not compel him to take the land. *Wiswal v. Stewart*, 32 Ala. 433 ; *Kavanaugh v. Thompson*, 16 Ala. 817. Until election was made and announced, the land remained Geo. N. Powell's. And such election, to be effective, should have been declared in unambiguous terms. In the present case, it should have been averred in the bill, with a proper statement of the facts on which it was based, or, it should have been claimed before the register, before entering upon proof of the value of the use and occupation, or of the profit realized in the resale. Without such declared election, testimony on these questions was immaterial and irrelevant.

The bill avers that the land was purchased with the estate's effects, and incidentally claims it on that account, together with its rents, and the proceeds of the sale. It makes no mention of the true facts, first, of the purchase of the land at the Register's sale, and, second, of the subsequent purchase of the chancery decree; nor, of the clearly established fact, that half or two thirds of the purchase money was paid with the private funds of Geo. N. Powell. And there is no offer to refund to to him, nor to allow him a credit for the sum thus paid. We find nothing in the bill which shows an election, or intention to claim the land, or its profits and product, on the true state of facts, as this record shows they existed. Nor is this indefiniteness of the bill healed or aided, by anything shown to have taken place before the Register. There is an absence of proof that complainant made such election, or asserted such claim, while the account was being taken. True, he made proof of the value of the rents, and of the price at which the

[Mitchell v. Wellman.]

administrator sold the land; but he contended as earnestly that the administrator's claim of credit for moneys expended in the purchase of the land and the decree should be disallowed, as he did that the rents and proceeds of the land should be made a debit in the account. These claims were incompatible; for if the election had been made and allowed, this would have entitled the administrator to further credit of the sum paid for the land, less the cost of the chancery suit, previously and rightfully allowed, in addition to the credit we have shown above he was entitled to in any event.

The only election shown in this record, if election it can be called, is found in exception No. 9 to the Register's report, copied above. That election is, in large degree, neutralized, by the repugnant position claimed—successfully claimed—in exception No. 8. We are not able to find that, on the facts shown, the distributee has ever elected with sufficient clearness, to claim, the Cantelou land, as being purchased for the benefit of the estate.

It may not be amiss to remark that the chancellor overruled complainant's 9th exception, and thus decided this question of election in favor of the administrator. The administrator alone appeals in this case, and he alone assigns errors. The ruling on the question of election is therefore not before us.

The decree of the chancellor sustaining complainant's 8th exception to the report of the Register is reversed, and the report as made is in all things confirmed. And a decree will be here rendered in accordance with the principles herein above declared.

Reversed and rendered.