# Harland *v.* Person.

*Bill in Equity by Executor for Removal of Settlement, Account, etc.*

1. *Demurrer, and subsequent answer.*—If a demurrer is superseded by an answer subsequently filed, proceeding to a hearing on the demurrer, without objection by motion to strike it from the files, is a waiver of the irregularity; and the refusal to allow the demurrer to be incorporated in the answer is not a reversible error, when the chancellor nevertheless considered and overruled it, thereby fully presenting its merits for revision on appeal.

2. *Decedent's estate; removal of settlement into equity by executor or administrator.*—A court of equity will not take jurisdiction of the administration and settlement of a decedent's estate, at the instance of the executor or administrator, unless it affirmatively appears that the Probate Court can not afford adequate relief; as, where the affairs of the estate are so greatly involved that the personal representative can not administer it without injustice to himself or injury to the estate, except under the direction of a court of equity; or where the will, or some other instrument connected with and affecting the settlement of the estate, requires construction because of doubtful meaning or effect; or where testamentary trusts are created of which the Probate Court has no jurisdiction.

3. *Same; testamentary trusts.*—While the Probate Court can not take cognizance of trusts the execution of which is executorial, when they do not attach to the executorial office or character, are not within the scope of ordinary duties of executors, it has jurisdiction, and may properly settle such matters as do pertain to the executorial duties or office; and the existence of trusts imposed on him personally, and continuing beyond the executorship, is not an impediment to the settlement of his administration in the Probate Court, nor authorizes the removal of the settlement into equity at his instance.

4. *Devise charged with payment of debts and distributive portion.* When a testator devises lands to a son and daughter jointly, appointing the former executor, and directing that they shall jointly pay his debts, and also pay to a grand-son money enough to make his portion equal to theirs, the debts and portion are a charge on the lands,

[Harland v. Person.]

and the acceptance of the devise binds the devisees personally for the payment of the debts and portion; but these are personal trusts imposed on the executor, and do not pertain to the executorial office or character.

5. *Multifariousness.*—A bill in equity filed by an executor, asking a removal of the administration of the estate from the Probate Court for final settlement, and a statement of the accounts between himself and another devisee, whose lands were jointly charged with the payment of debts, and was cultivated by them jointly during several years, is multifarious, since the other parties interested in the estate have no connection with the settlement of the accounts between them.

6. *Contribution between co-devisees; delivery of property by executor to devisee or legatee, without refunding bond.*—When lands are devised to an executor and his sister, charged with the payment of debts and a portion to another legatee, and they accept the devise, they become liable as co-obligors, and each as the surety of the other for the payment of the charges; if the executor pays more than half, he is entitled to contribution from the other devisee; and he is not precluded from claiming contribution, because he delivered possession of one half of the property to the other devisee, and did not take a refunding bond.

7. *Motion to dismiss for want of equity; amendable defects in bill.*—On motion to dismiss a bill for want of equity, amendable defects in the bill can not be considered, but are regarded as amended; and multifariousness in an amendable defect.

8. *Cross-examination of witness.*—On the statement of an account between an executor and another devisee, as to the debts of the estate paid by each of them, which were charged on the lands devised to them jointly, which lands they cultivated jointly for several years, the executor having testified to payments made by himself, may be required to answer, on cross-examination, as to the persons or sources from which he procured the money so paid.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 8th January, 1874, by Alfred S. Person, individually and as executor of the last will and testament of his deceased father, W. H. Person, against Mrs. Sarah J. Harland, who was a daughter of the testator, and the other persons interested in the estate as devisees and legatees under the will; and sought to remove the administration of the estate from the Probate Court, and to have a settlement of accounts between the complainant and Mrs. Harland, growing out of the payment of the debts of the estate by them, and their cultivation of certain lands which were devised to them jointly. The chancellor overruled a demurrer to the bill, assumed jurisdiction of the estate, and, on final hearing on pleadings and proof, rendered a decree for the complainant against Mrs. Harland for $2,670.16, the amount reported by the register to be due from her. Mrs. Harland appeals from this decree, and here assigns it as error, together with the decree overruling the demurrer to the bill, and numerous other rulings, the assignments of error being 68 in number.

[Harland v. Person]

J. B. MOORE, for the appellant, insisting on each of the assignments, relied principally on the following points and authorities: (1.) The bill is wanting in equity, because it alleges no sufficient reason for the removal of the administration from the Probate Court.—*Horton v. Moseley*, 17 Ala. 794; *Park v. Park*, 36 Ala. 132; *Moore v. Leseuer*, 33 Ala. 237; *McNeill v. McNeill*, 36 Ala. 109; *Glenn v. Billingslea*, 64 Ala. 345; *Newsom v. Thornton*, 66 Ala. 311; 52 Ala. 444; 60 Ala. 399. (2.) The bill is multifarious.—*Clay v. Gurley*, 62 Ala. 14; *Seals v. Pheiffer*, 77 Ala. 278; *McEvoy v. Leonard*, 89 Ala. 455. (3.) Having kept the estate together without an order of court, and without authority under the will, the executor is liable for the rent of the lands, and for the value of the use of the personal property.—10 Ala. 608; 16 Ala. 817; 17 Ala. 459; 31 Ala. 208; 39 Ala. 489; 74 Ala. 197. (4.) The executor having delivered to Mrs. Harland, on 15th January, 1870, her share of the real and personal property, without taking a refunding bond from her, he can not hold her liable for any of the debts of the estate paid by him. *Moore v. Leseuer*, 33 Ala. 237; *Beadle v. Steele*, 86 Ala. 423; 38 Ala. 152.

L. B. THORNTON, and L. B. & J. W. COOPER, *contra*.

CLOPTON, J.—The will of W. H. Person was admitted to probate, and letters testamentary granted to Alfred S. Person, in August, 1867, by the Probate Court of Colbert county. By the will, the testator devised certain designated lands to John A. Person, in trust for the use and benefit of William H. Person, a grand-son, and devised and bequeathed certain other designated lands and his personal property to said Alfred S. Person and appellant, Sarah J. Harland, jointly. The will further provided, that Alfred S. Person and Sarah J. Harland, who was then unmarried, should jointly pay all the debts of the testator, and then pay John A. Person, in trust for said grand-son, an amount in money sufficient to make his portion equal with theirs.

The objects of the bill, filed by Alfred S. Person in January, 1874, are, the removal of the administration of the estate from the Probate Court, and its settlement in the Chancery Court; also, to obtain a settlement of the joint cultivation, by complainant and Sarah J. Harland, of the lands devised to them jointly, during the years 1867 to 1869, inclusive, and the ascertainment of the amount of debts of the testator paid with the proceeds of the joint crops, the amount paid by each individually, and the valuation of the real and personal property, in

[Harland v. Person.]

accordance with the provisions of the will. After averring the death of the testator, the probate and provisions of his will, and the appointment of complainant as executor, the bill alleges that John A. Person took possession, and has had possession of the lands devised to him in trust, since January, 1868; and that complainant and Sarah J. Harland have been in possession of the lands and personal property devised and bequeathed to them, and lived together on the lands until her marriage in January, 1870, jointly cultivating them. After her marriage the lands and personal property were divided equally between them. The bill further alleges, that debts were contracted in carrying on the farming operations and in house-keeping, which were paid out of the proceeds of the joint crops, the balance being applied to the payment of the debts of the testator; also, that complainant and Sarah J. Harland have each paid debts of the testator with their individual means, a statement of the debts paid by each being attached.

On May 16, 1877, without an answer from Mrs. Harland, or a decree *pro confesso*, so far as the record discloses, the chancellor rendered a decree, confirming a report of the register made under a former decretal order which is not set out, and also that complainant have and recover of her the sum of $1,360.46. On October 12, 1881, this decree and all proceedings thereunder were, by agreement of parties, set aside, the cause re-instated on the docket, and Mrs. Harland allowed thirty days in which to answer and defend. Within the time allowed, she filed a demurrer to the bill, and afterwards an answer, and a motion to dismiss the bill for want of equity. On May 19, 1888, Mrs. Harland moved the court for leave to incorporate the demurrer in her answer. If a demurrer on which no ruling is asked or obtained is, under our statute, superseded by an answer subsequently filed, proceeding to a hearing on the demurrer, without objection taken by a motion to strike it from the files, is deemed a waiver of the irregularity. It has also been ruled that, under the statute of amendments in equity, the court is bound on application to permit the demurrer to be incorporated in the answer at any time before final decree, though a denial will not reverse the decree if the defendant is not prejudiced thereby.—*Shaw v. Lindsey,* 60 Ala. 344; *Ruse v. Bromberg,* 88 Ala. 619. Notwithstanding the refusal to allow the demurrer to be incorporated in the answer, the chancellor nevertheless considered and overruled it. This brings the merits of the demurrer fairly and fully for revision.

The main causes assigned are, the omission of the bill to

[Harland v. Person.]

show any special ground for the removal of the administration into a court of chancery, and multifariousness in this, that the administration and settlement of the estate, the settlement of the accounts between the complainant and Mrs. Harland, arising from their joint farming business and house-keeping, and concerning the payment of the debts of the testator, are united in one bill. Though the concurrent jurisdiction of the Chancery and Probate Courts over the administration of estates has been repeatedly recognized, it is well settled that an administrator or executor must proceed in the Probate Court unless there exists some special equity, which the Probate Court, because of its limited jurisdiction, is incompetent to administer; and that a court of equity will not, at the instance of the personal representative, take jurisdiction of his administration, unless it affirmatively appears that the Probate Court can not afford adequate relief.—*McNeill v. McNeill*, 36 Ala. 109; *Glenn v. Billingslea*, 64 Ala. 345; *Newsom v. Thornton*, 66 Ala. 311. Special reasons for equitable intervention may be said to exist, when the affairs of the estate are so greatly involved that the executor can not administer it without injustice to himself or injury to the estate, except under the direction of a court of equity; or where the will, or some other instrument connected with and affecting the settlement of the estate, requires construction because of doubtful meaning or effect; or where testamentary trusts are created, of which the Probate Court has no jurisdiction.

If any special ground of equitable jurisdiction affirmatively appears, it arises on the item of the will requiring complainant and Mrs. Harland to jointly pay the debts of the estate, and an amount sufficient to equalize the portions of themselves and W. H. Person. Though no express charge is created, it may be conceded that this provision of the will charges the real estate with the payment of the debts and equalization of the shares; which charge a court of equity alone has jurisdiction to enforce.—*Sistrunk v. Ware*, 69 Ala. 273. The will, however, directing that the devisees shall pay the debts personally, they became personally bound by accepting the devise with such directions.—*Brown v. Knapp*, 79 N. J. 136. The amount of the debts, so far as concerns the settlement of the estate, became material only as furnishing *data* from which the sum necessary to equalize the grand-son's portion may be ascertained; but, when ascertained, it must be enforced by suit at law against the devisees personally, or by suit in equity to charge the real estate. The payment of the debts, and the sum that may be going to the grand-son under and in accordance with this direction of the will, being a personal obliga-

[Harland v. Person.]

tion, does not pertain to the office of executor, nor affect him as such. Whatever trusts are created by the will, do not involve executorial duties, but are personal, continuing after the cessation of the executorship. While the Probate Court can not take cognizance of trusts the execution of which is executorial, when they do not attach to the executorial office or character, are not within the scope of the ordinary duties of executors, it has jurisdiction, and may properly settle such matters as do pertain to the executorial duties or office.—*Hinson v. Williamson*, 74 Ala. 180.

In *Ex parte Dickson*, 64 Ala. 188, the will gave Mrs. Dickson, who was the executrix, a life-estate in the residuum of the property, charged with the support and education of the minor children, and subject to be abated at her discretion by giving off to the unmarried children, as they attained majority or married ; she was also allowed to exercise a reasonable discretion and power in the management of the estate with reference to the sale of property and making investments of surplus money. The Probate Court refused to proceed with the settlement of the estate, on the ground that it had no jurisdiction, because of the trusts created; whereupon Mrs. Dickson applied to this court for a *mandamus* to compel the judge to make the settlement, which was awarded. After reviewing the different provisions of the will, it is said: "We come, then, to the conclusion that, in this will, there are no trusts, the execution of which is charged on the executorial office; and it follows, that no reason is shown why the Probate Court should not entertain jurisdiction, and make the final settlement of Mr. Dickson's estate." On these principles, we also come to the conclusion, that the provisions of the will in this case create no trusts which present an impediment to the exercise of jurisdiction by the Probate Court in making a final settlement of the estate, or furnish ground for removing the administration into the Chancery Court at the instance of the executor.

The bill, making appropriate averments, also seeks, as we have said, a settlement of the joint farming business, and an adjustment of the debts of the testator paid with the joint funds, and by each, complainant and Mrs. Harland, with individual funds, for the purpose of obtaining contribution for the amount of the debts paid by complainant in excess of his proportion. That there is no dependency or connection between the settlement of the administration and these accounts, and that the other devisees and legatees under the will have no concern in this settlement, is too manifest to be questioned. They are separate matters, of a distinct nature, having no

[Harland v. Person.]

connection with each other. As to the removal and settlement of the administration, all the devisees and legatees are necessary parties; but as to the settlement of the accounts, only complainant and Mrs. Harland—the others are not even proper parties. The union of these separate and distinct matters in the bill renders it multifarious.—*Seals v. Pheiffer*, 77 Ala. 278; *McEvoy v. Leonard*, 89 Ala. 455; *Sumter Co. v. Mitchell*, 85 Ala. 313.

The contention of complainant, that the land was jointly cultivated, if not by express agreement, at least by tacit understanding, finds support in the preponderance of the evidence. Under the directions of the will, there was a community of burden as to the payment of the debts of the testator. By the acceptance of the devise, they became co-obligors, and each surety for the other for the payment of one-half of the debts, and either paying more than one-half is entitled to contribution—equality is equity.—*Owen v. McGhee*, 61 Ala. 440. The voluntary division of the property, on the marriage of Mrs. Harland, does not bring the case within the general rule, that if an executor, with a knowledge of the existence of demands against the estate, makes distribution of the assets, he can not recover from a legatee, to whom he has turned over property, for his indemnity, unless he has required and obtained a refunding bond. The debts of the testator were, by the will, imposed upon them personally and jointly.

A motion to dismiss a bill for want of equity is not the appropriate mode to reach defects curable by amendment, and should not be entertained, when a case for relief exists, the bill being considered as properly amended. As the bill contains equity for the settlement of the joint farming operations, and in connection therewith the ascertainment of the debts paid by each individually, with the ultimate view to contribution, though it does not make a proper case for the removal of the administration into a court of chancery, and as the defect of multifariousness may be cured by amendment, the motion to dismiss for want of equity was properly overruled.

Our conclusion renders unnecessary the consideration of the exceptions to the register's report; but for the purpose of a correct statement of the account, if the bill should be amended, it is proper to remark, that complainant should have been compelled, on his examination as a witness before the register, to state how and from whom he procured the money, which he testified to having used in paying the debts of the testator. A material inquiry was, whether they were paid with joint funds, or his individual money, and it was competent on cross-examination to inquire from what source he obtained

the money. On another reference, should one be had, the register should be authorized to use the testimony taken on the last reference, thus saving unnecessary costs, and such other testimony as the parties may introduce, with the privilege to Mrs. Harland to cross-examine complainant as to the source from which he obtained the money used by him in paying the debts of the testator.

Reversed and remanded.