## Creamer *v.* Holbrook, *et als.*

*Bill in Equity to Enforce a Trust upon Land.*

1. *Devise to executor in trust for special purposes, creates a personal trust; enforced by a court of equity.*—A devise to executors "hereinafter named, in trust for uses and purposes," with special directions as to the management of the testator's property and for its ultimate distribution among the devisees under the will, creates in the executor a personal trust, as distinct from executorial duties; and for the enforcement of such a trust resort must be had to a court of equity, a Probate Court having no jurisdiction over it.

2. *Testamentary trusts; jurisdiction of Probate Court.*—A Probate Court has no jurisdiction to enforce and settle a trust created by will; but if the trust is not such that its execution is involved in the discharge of the duties of an ordinary executor, so that the functions of the one person, as executor and as trustee, are not so blended that they can not be distinguished or separated from each other, the Probate Court has jurisdiction over the executor in reference to his purely executorial functions, though it has no power over him in his other independent capacity, as the trustee under the will.

3. *Same.*—When one person is appointed executor, and is also made the trustee under the will with powers unconnected with his ordinary duties as executor, the Probate Court can exercise the same control over him as an executor merely, as it could if he alone had been made the executor, and the special trust had been conferred upon some other person.

4. *Same; jurisdiction of Chancery Court.*—If a special trust or power is attached to the executorial office, and is not personal to him who is named as executor and trustee, then the Probate Court has no jurisdiction to execute the will, as the administration of the estate under the will involves the execution of a trust, which can only be enforced in a court of equity.

5. *Sale of decedent's lands; estoppel.*—Persons who are parties to the final settlement of an executorship are estopped, so long as such settlement remains unimpeached by direct attack, from claiming in a court of equity the same lands, from the sale of which they received the benefit, and the proceeds of which were fully accounted for to them on such final settlement.

APPEAL from the Chancery Court of Cleburne.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on June 22, 1889, by the appellees, who were the brothers and sisters of Matthew Creamer, deceased, and the descendants of such brothers

xcix.

[Creamer v. Holbrook et als.]

and sisters who had died, against the appellant, David Creamer, as executor and trustee under the last will and testament of Matthew Creamer, deceased.

The prayer of the bill was that the Chancery Court would take charge of so much of the estate of Matthew Creamer, deceased, as was involved in this controversy, and hold it subject to the direction of the court as a trust estate, and that, upon final hearing of the cause, the property be decreed to be sold, and the proceeds of such sale be distributed among the devisees under the will of Matthew Creamer, in accordance with the provisions of said will.

The grounds for this relief, as averred in the bill, were, that Matthew Creamer died seized of the lands involved in this controversy; that under his last will and testament he appointed David Creamer, as executor and trustee to carry out the provisions of said will; that under said will the complainants were the *cestuis que trust* and entitled to their distributive portions of the estate of Matthew Creamer; that the said David Creamer qualified as executor of said will, and under its provisions took possession of the property involved in this suit, but, not regarding the provisions and requirements of said will, that he should hold and control the same for the benefit of the complainants and himself, said David Creamer sold the said lands and became the purchaser thereof; that said sale was an absolute nullity and void, and that, therefore, the said David Creamer still holds the said property as a trustee, under the will of Matthew Creamer, deceased, for the benefit of the complainants.

The bill was demurred to, and a motion made to dismiss the same for the want of equity. This demurrer and motion were overruled. The facts disclosed by the record are as follows: Matthew Creamer died testate in the State of California, seized of the lands described in the bill. The will of said Matthew Creamer was admitted to probate in the Probate Court of Nevada county, California, October 27, 1867, and a certified copy of said will was duly admitted to probate in the Probate Court of Cleburne county, Alabama. Under this will two residents of California were named as executors in that State, and the respondent, David Creamer, a resident of Alabama, was named as sole executor in the States of Alabama and Georgia, with the express provision that he should be accountable only for what moneys and property might come into his hands. David Creamer qualified as executor, and letters testamentary were granted to him on July 15, 1868, whereupon he entered upon and un-

dertook the discharge of the duties of executorship and of said trust.

The provisions of the will as to the trust were as follows : "I give, devise and bequeath to my executors, hereinafter named, all and singular my property, real and personal, wheresoever situated and all moneys belonging to me of which I may die possessed, in trust, nevertheless and to and for the following uses and purposes, viz., I direct my said executors to take charge of and to carry on my business as though I was living and personally present, and to use any moneys that may come into their hands belonging to me, or so much thereof as may be in their judgment necessary to carry on my business, make improvements, extension or to purchase any property that may add value to my present property. . . . . It is my request that my said executors shall manage all my business in the best manner according to their judgment for the benefit of my beloved father and mother, brothers and sisters, and to give them possession of moneys and real and personal property, when demanded in person or by a lawfully appointed attorney, all or any one of them their *pro rata* of the estate, as follows :" Then follows the several bequests, with certain directions to the executors.

On December 8, 1870, David Creamer, sold certain of the lands, and on December 7, 1871, he sold the remainder of the lands owned by Matthew Creamer in Alabama and Georgia. At each of these sales he became the purchaser of all the lands sold, and on December 7, 1871, he reported to the Probate Court of Cleburne county, Alabama, the sale of said lands, and the payment of the purchase-money therefor ; but no order confirming the sale and ordering a deed was then made. On June 20, 1872, the said David Creamer filed his accounts and vouchers in the Probate Court of Cleburne county, Alabama, for a final settlement of his executorship, and in his petition therefor the devisees under the will of Matthew Creamer were named. On November 19, 1872, the Probate Court, by an order, which recited that due and proper notice had been given, passed upon and allowed the accounts and vouchers of said David Creamer as executor, and declared a final settlement of said executorship.

On October 15, 1883, the said David Creamer again filed in the Probate Court of Cleburne county, Alabama, a report of the sale of said lands and the payment of the purchase-money therefor, and prayed for the appointment of an administrator *ad litem* to execute titles to him to said lands,

[Creamer v. Holbrook et als.]

and that an order be made directing the execution of said titles; but no notice of this application was given to the heirs and devisees under the will of Matthew Creamer. In response to this application, the Probate Court of Cleburne county, appointed A. A. Hurst administrator *ad litem*, and directed that he execute a deed, conveying the title to the property alleged to have been purchased to David Creamer; and on January 1, 1884, said Hurst, as administrator *ad litem*, executed to said David Creamer a deed conveying the said land.

The testimony for the complainants tended to show that, until a short time prior to the filing of the original bill in this case, they had no knowledge that the lands in controversy had been sold, or that David Creamer claimed them as his own. The respondent in his answer denied the right, title and interest of the complainants in the lands in controversy, and claimed the same under his purchase at the sale above mentioned, and under his deed from Hurst, administrator *ad litem*. By pleas, the respondent set up the defense of the statute of limitations of ten years. The testimony for David Creamer was in conflict with that of the complainants, and tended to show that he did inform the complainants of the sale of the land, and his purchase of the same, and that they knew he claimed the lands as his own.

On the final submission of the cause, upon the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayed for, and that the lands be sold for division, and ordered a reference to the register to state an account between the parties for rents and profits.

The respondent now brings this appeal, and assigns as error the decree of the chancellor overruling his demurrers and motion to dismiss, and also the final decree rendered in the cause.

AIKEN & BURTON, for appellant.—The complainants were not entitled to the relief prayed for in their bill.—*Pinney v. Werborn*, 72 Ala. 58; *Werborn v. Austin*, 77 Ala. 381; *Gamble v. Jordan*, 54 Ala. 432; *Waring v. Lewis*, 53 Ala. 615; *Otis v. Dargan*, 53 Ala. 178.

MERRILL & BRIDGES and ELLIS, BABER & JOHNSON, *contra*.
1. The will of Matthew Creamer, deceased, created a trust estate in the hands of David Creamer.—*McCarthy v. McCarthy*, 74 Ala. 546; *Cresswell's Adm'r. v. Jones & Dunn*, 68 Ala. 420; *Hinson v. Williamson*, 74 Ala. 180; *Perkins v.*

*Lewis, et als.* 41 Ala. 649 ; 1 Perry on Trusts, § 82.  2.  A trustee can not purchase the trust property, and claim title to the same in himself to the exclusion of the *cestuis que trust.*—*McCarthy v. McCarthy,* 74 Ala. 546 ; 1 Perry on Trusts, §§ 194, 197, 200, 209.  3.  The Probate Court was without jurisdiction to make any order or decree in the matter of this estate.—*Hinson v. Williamson,* 74 Ala. 180 ; *McCarthy v. McCarthy,* 74 Ala. 546 ; *Johnson v. Longmire,* 39 Ala. 143 ; *Harrison v. Harrison,* 9 Ala. 470 ; *Leavens v. Butler,* 8 Porter 380 ; *Portis v. Creagh,* 4 Porter 332.  4.  The decree of the Probate Court, rendered October 15, 1883, ordering the execution of a deed to David Creamer, is void. *Ligon v. Ligon,* 84 Ala. 555.  5.  The statute of limitations does not apply in favor of the trustee against the *cestuis que trust.*—*McCarthy v. McCarthy,* 74 Ala. 546 ; *DeBardelaben v. Stoudenmire,* 82 Ala. 574 ; *Maury's Adm'r. v. Mason's Adm'r.,* 8 Porter 211 ; *Holt v. Wilson,* 75 Ala. 58.

WALKER, J.—Matthew Creamer by his last will devised all his property to his executors in trust for uses and purposes specified in the will. The executors were authorized in the exercise of their judgment, if they should deem it to the interest of the estate, to sell any of the property of the estate at private or public sale, and to invest or dispose of the proceeds of such sales in carrying out the provisions of the trust. Two residents of California, where the testator resided, were named as executors in that State, the will expressly providing that they were to be accountable only for the moneys or property which they might receive ; while the testator's brother, David Creamer, a resident of Alabama, and the appellant in this case, was named as sole executor in the States of Alabama and Georgia, the will also expressly providing that he should be accountable only for the moneys and property coming to his hands.

We understand from the provisions of the will fixing the powers and duties of the executors that it was the intention of the testator to confer upon the single executor named for the States of Alabama and Georgia, all those powers and duties so far as they were applicable to the part of the testator's property situated in those States ; while, as to his property situated elsewhere, like powers and duties were conferred upon the persons who were named as executors in the State of the testator's residence.

The appellant, David Creamer, qualified as executor under the will, and took charge of the testator's property in the States of Alabama and Georgia. This bill is filed by bene-

ficiaries under the will to enforce the trusts thereof upon lands situated in this State. The appellant, who was the defendant below, contends that more than ten years before the bill was filed, at a sale made by himself under the power conferred by the will, he purchased the lands upon which the trust is sought to be enforced, accounted for the purchase price thereof in a settlement of his executorship in the Probate Court, and since the date of such purchase has had possession of the lands, claiming them adversely as his individual property, freed from any trust in favor of the complainants.

The testator's property in Alabama and Georgia was devised to the executor named for those States. That person's functions under the will reached beyond those of a mere executor. He was charged with the execution of a trust for the management of the testator's property after his death, and for its ultimate distribution among the beneficiaries of his bounty. He occupied a dual relation to the will—that of executor proper, and that of trustee. It is in his character as a devisee in trust that he was invested with general powers of management, of selling property and reinvesting the proceeds of sales, and of paying and settling money or other property in carrying out the purposes of the trust. These powers clearly imply a special personal confidence in the person upon whom they were conferred. The trust was personal in its character, and he who was named as executor might continue to hold the land as trustee, after his functions as executor had terminated. The Probate Court has no jurisdiction over such a trust. For its enforcement resort must be had to a court of equity.—*Proctor v. Scharpff*, 80 Ala. 227; *McCarthy v. McCarthy*, 74 Ala. 546; *Perkins v. Lewis*, 41 Ala. 649.

The fact, however, that a testator by his will devolves such a special personal trust or power upon the person who is named as executor does not necessarily oust the jurisdiction of the Probate Court over the administration of the estate. If the trust or power is not such that its execution is involved in the discharge of the duties of an ordinary executor, so that the functions of the one person in his two characters, as executor and as trustee, are not so blended and mingled that they can not be distinguished or separated, the one from the other, then the Probate Court has jurisdiction over the executor in reference to his purely executorial functions, though it has no power over him in his other independent capacity as a trustee under the will. But if such special trust or power is attached to the executorial office or

character, and is not personal to him who is named as executor and trustee, then the jurisdiction of the Probate Court is ousted, as the administration of the estate under the will involves the execution of a trust of which only a court of equity can take cognizance.—*Harland v. Person*, 93 Ala. 273; *Hinson v. Williamson*, 74 Ala. 180; *Foxworth v. White*, 72 Ala. 224. When one person is appointed executor, and is also made a trustee with powers unconnected with his ordinary duties as an executor, the Probate Court can exercise the same control over him as an executor merely as it could if he had been made the executor simply, and the special trust in question had been conferred upon some other person.

In the present case the special directions of the will are not in reference to the discharge of ordinary executorial functions. The devise was not made, and the powers of the devisees in trust were not conferred, for the purposes of an ordinary administration, but in furtherance of a scheme for the management of the testator's property after his death, and for its ultimate appropriation in carrying out the purposes of the trust. The special trust might have remained wholly unexecuted until after the merely executorial functions had been fully discharged. The devise was not to the executors as such, but to the same persons as trustees. Neither the trust nor the powers and duties attached to it would have devolved upon an administrator with the will annexed. Those powers and duties were personal trusts, confided to the same persons who were named as executors; but were not mere executorial duties attached to the executorial office. The fact that the same person who was executor was also a trustee of such an independent trust did not oust the jurisdiction of the Probate Court as to such matters as pertained to his purely executorial functions. The Probate Court had jurisdiction of David Creamer's settlement as executor merely.—*Harland v. Person, supra; Ex parte Dickson*, 64 Ala. 188.

David Creamer made a final settlement of his executorship in the Probate Court of Cleburne county. Notice of that settlement was given in pursuance of the terms of the special statute then of force in that county.—Acts of Ala. 1869–70, p. 337. Some, at least, of the complainants were regularly made parties to that settlement, so as to be bound thereby. In that settlement the executor accounted for the amounts of his bids at the sales made by himself of the property now sought to be subjected to the trusts of the will. Persons who were parties to that settlement could

xcix.

[Creamer v. Holbrook et als.]

not, so long as it remains unimpeached by direct attack, claim, in a court of equity, the same land of the sale of which they received the benefit, by treating the purchase-money therefor as assets, which were fully accounted for to them on such final·settlement. They could not at once accept the benefits of the sales and repudiate them as of no effect. *Robertson v. Bradford*, 73 Ala. 116; *Bell v. Craig*, 52 Ala. 215; *Powell v. Powell*, 80 Ala. 11. The effect of that settlement as an estoppel is not lessened by the consideration that the sales in question were voidable, and that the Probate Court was without jurisdiction in regard to them. No intervention of any court was necessary to the due exercise of the powers confided to the executors in their characters as devisees in trust. Only a court of equity had jurisdiction over them as trustees of a trust independent of the executorship. But it was not necessary that that jurisdiction should be called into exercise to enable them to execute the powers conferred upon them. The jurisdiction of the Probate Court over David Creamer's settlement, as executor merely, was not affected by the circumstance that assets, accounted for on that settlement, came to his hands as the result of sales under a trust power, as to the exercise of which the Probate Court was without jurisdiction. It is not because those sales are recognized as valid that the complainants can not obtain the relief sought in this case. It is because they can not retain the benefit of them as valid sales, and at the same time repudiate them as invalid.

The complainants, or some of them, may desire to make a direct attack upon the settlement in the Probate Court. Possibly, this may be done by appropriate averments and proof in this case. The cause will be remanded to afford them an opportunity to take such steps as they may be advised are proper to avoid the effect of that settlement. In the present state of the pleadings and proof the bill should be dismissed.

Reversed and remanded.