(134 So. 857)

**SCOTT v. MUSSAFER et al.**
3 Div. 948.

Supreme Court of Alabama.
May 28, 1931.

John B. Scott, of Montgomery, for appellant.

W. M. Blakey, of Montgomery, for appellees.

ANDERSON, C. J.

Generally an executor of an estate cannot mortgage the property of his testator unless given the power to do so by the terms of the will or by a statute. Jones on Mortgages (8th Ed.) § 132; Kirkbride v. Kelly, 167 Ala. 573, 52 So. 660.

The present will, however, while not giving the executor power to sell or mortgage the real estate, does more than give executorial power, as it creates a trust for the use and benefit of the named beneficiaries, and enjoins upon the executor the duty of keeping the estate together and the management and control thereof for a period of years, that is, until the youngest child reaches maturity. Creamer v. Holbrook, 99 Ala. 52, 11 So. 830. The supervision of the administration of trusts is a well-recognized ground of equity jurisdiction, 26 R. C. L. § 133, and resort must be had for this purpose to a court of equity, the probate court having no jurisdiction over said trust. Creamer v. Holbrook, supra.

While the authorities are not entirely harmonious, it seems settled by the weight that a court of equity will authorize a trustee to mortgage the trust property when necessary to discharge existing debts or incumbrances and when to do so is essential to a continuation of the trust or the carrying out of the purpose of same, or, in some instances, for the improvement of the trust property, especially when it enhances the value thereof and increases the income from same. 26 R. C. L. page 1303, § 156; Lueft v. Lueft, 129 Wis. 534, 109 N. W. 652, 7 L. R. A. (N. S.) 263, 9 Ann. Cas. 639, and note on page 643.

The record discloses that the estate owes a good deal more than the personal property can pay, and, of course, the real estate would have to be sold under the statute to pay said debts and would result in whole or in part in defeating the purpose of the trust of keeping the property until the youngest child becomes of age. It is also shown that by replacing the building destroyed by fire and improving the property the income therefrom will be increased. Therefore, by procuring a long time loan on the property, the trust, instead of being defeated or partially destroyed, may be carried out.

We are of the opinion, however, that as the administration of this estate is pending in the probate court, and notwithstanding the bill of complaint sets up a cause for equitable jurisdiction, it should also seek a removal of the administration of the estate to the chancery court as a condition precedent to the relief sought. In other words, as the chancery court is to assume jurisdiction as to the administration of the estate in part, it should take charge of the whole matter.

We also suggest that the decree discloses that the trial court has been most generous, if not lavish, in the allowance of counsel fees for the mere procurement of a right to mortgage some of the property. Courts of equity should guard and protect the interest of its infant wards with scrupulous care.

The decree of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.