The issue presented by this petition for the writ of mandamus is whether the trial judge properly denied the defendant's motion to strike the plaintiff's jury demand in a case in which a co-trustee of a testamentary trust sued the other co-trustee alleging breach of fiduciary duty and negligence in regard to its duties in the administration of the trust and seeking recovery of all losses attributable to the breach of fiduciary duty. Stated differently, the question is whether the plaintiff's claims are within the exclusive jurisdiction of equity; we conclude that they are and we grant the writ.
Most of the controlling facts are not disputed. At his death in 1971, Paul Penney established a testamentary trust for the benefit of his widow Ethel Penney. The trust instrument named both Ethel Penney and First National Bank of Birmingham as co-trustees. The petitioner, SouthTrust Bank of Alabama, N.A. ("SouthTrust"), is a successor co-trustee. The trust property consisted principally of real estate that produced income through various leases and coal mining operations. The trust instrument provides that income produced by the trust is to be paid to Ethel Penney."[1] When Ethel Penney died in August 1991, her brother, Hal G. Land, Jr., succeeded her as co-trustee.
Shortly thereafter, Land discovered that Ronald W. Payne, who was acting as a coal agent under an arrangement with SouthTrust, was embezzling a portion of the coal royalties he collected and was concealing his thefts by submitting falsified coal tonnage reports. Land maintains that SouthTrust has refused to compensate him fully for the monies embezzled by Payne, and, as a result, Land sued SouthTrust, alleging breach of fiduciary duty by SouthTrust, as a co-trustee, in the administration of the trust of Paul M. Penney.
The gravamen of the complaint, filed by successor co-trustee, Hal G. Land, Jr., is that SouthTrust negligently failed to exercise supervision and control over Payne, who, under an agreement with SouthTrust, was to collect coal royalties and remit the same to SouthTrust, less a commission;[2] Payne pleaded *Page 647 
guilty to embezzling over $300,000 of the funds.
In his complaint Land alleged that SouthTrust was negligent in regard to its duties in the administration of the Paul M. Penney Trust in the following respects:
 "(a) In failing and neglecting to exercise proper supervision and control over Payne and his receipts; (b) in neglecting and failing to obtain financial security from Payne as provided under its contract; (c) in neglecting and failing to regularly and periodically audit or review Payne's receipts or to make independent verification of those receipts through the coal operators making such remittances; and (d) in neglecting and failing to implement and adopt a system of suitable control and audits of its trust department so as to ascertain whether the department was being administered in accordance with the law and sound fiduciary principles."
Land contends that Payne acted as SouthTrust's employee, but SouthTrust disputes this assertion. SouthTrust claims that Payne was not its employee, but that it entered into a contract with Payne under which Payne agreed to collect coal royalties on behalf of the Trust in exchange for the Trust's payment of a commission based upon the amount of royalties Payne collected.
Land demanded a trial by jury on all issues raised in the complaint. SouthTrust moved to strike Land's jury demand, and when the trial judge denied its motion SouthTrust filed this petition for a writ of mandamus.
A mandamus petition is a proper method for reviewing the issue here presented.[3] SouthTrust maintains that Land's claim alleging a breach of fiduciary duty concerns the administration of a trust by a trustee, and that Land is not entitled to a jury trial because, it says, this action is exclusively equitable in nature and the right to a jury trial does not extend to equitable claims. We agree. This Court has previously considered a similar issue. In First Alabama Bank ofHuntsville, N.A. v. Spragins, 475 So.2d 512 (Ala. 1985), beneficiaries of a trust sued a bank, as trustee, claiming that the bank had breached its fiduciary duty as trustee. The plaintiffs demanded a jury trial. In that case, just as in this case, the trial judge denied the trustee bank's motion to strike the jury demand. This Court wrote:
 "The Bank strenuously insists that the Plaintiffs' claim for money damages, grounded on the allegation that the Bank, as a professional trustee, breached its fiduciary duty in its management of the trust estate, is not such a claim for money damages, cognizable at common law, as to entitle the Plaintiffs to a jury trial. We agree. While, generally speaking, a trust, created by written instrument, partakes of many of the same legal incidents as other written agreements, historically, remedies to enforce rights arising under a trust have been relegated to the exclusive jurisdiction of equity."
475 So.2d at 513. In Spragins, the Court discussed how "the modern trust is an outgrowth of the ancient cestui que use," and said:
 "According to Professor Maitland, '[t]rusts fell under the equitable jurisdiction of the Court of Chancery and for that *Page 648 
very reason the Courts of Law did not enforce them. Just now and again they threatened to give an action for damages against the defaulting trustee — but they soon abandoned this attempt to invade a province which equity had made its own.' Maitland, Lectures on Equity, p. 54, as cited in Scott and Scott, Cases on Trusts, at p. 415 (5th ed. 1966).
 " 'Although, as we have seen, the courts did not allow an action of special assumpsit or covenant to be maintained against a trustee for a breach of trust, an action at law was permitted where the trustee was under an immediate and unconditional duty to pay money to the beneficiary. In such a case, as we have seen, an action of account lay at law. Later it was held that if the amount due the beneficiary was liquidated, an action of general assumpsit would lie, even though the sum due was not liquidated. Professor Ames summarized the matter by declaring that the claim of the cestui que trust "is purely equitable, except where account would lie at common law." (Ames, Cases on Trusts
235 (2d ed. 1893.)) In situations where account lay, the action was gradually superseded by the actions of debt and general assumpsit or by a bill in equity.' Scott and Scott, Cases on Trusts, p. 416 (5th ed. 1966).
 "Both Scott and the Restatement (Second) of Trusts (1959) recognize exclusive equitable jurisdiction over remedies for a beneficiary against a trustee, with two exceptions: '(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment. (2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him.' Restatement (Second) of Trusts, § 198 (1959). The courts of Alabama have consistently recognized and applied this common law development. Ex parte Garner, 280 Ala. 111, 190 So.2d 544 (1966). For a case applying the 'at law' exception, see Ex parte Davis, 465 So.2d 392 (Ala. 1985).
 "Although the issue was somewhat differently framed, this Court in First Alabama Bank of Montgomery, N.A. v. Martin, 425 So.2d 415 at 423 (Ala. 1982), stated:
 " 'It has long been the law in Alabama that where a trustee does not perform his duty to protect the trust, the beneficiaries may sue in equity to protect their rights. Riley v. Bradley, 252 Ala. 282, 41 So.2d 641 (1948); Ex parte Jonas, 186 Ala. 567, 64 So. 960 (1914). Supervising the administration of trusts is a well-recognized ground of equity, Scott v. Mussafer, 223 Ala. 153, 134 So. 857 (1931), and the regulation and enforcement of trusts is one of the original and inherent powers of the equity court. Silverstein v. First Nat. Bank of Birmingham, 231 Ala. 565, 165 So. 827 (1936).'
 "Applying this rule to the Plaintiffs' complaint, the trial court held that the Plaintiffs were not entitled to a jury trial with respect to their demands to remove the Bank as trustee and to require an accounting of the Bank. As to the remaining request for money damages, however, the trial court held that this did create a legal issue that entitled [the] Plaintiffs to a trial by jury.
 "While the rule, as here applied, is generally correct, it is not correct with respect to trusts. As seen by the historical background, the court of equity embraced the full jurisdiction of trusts, save for the two exceptions referred to above, neither of which is applicable here."
475 So.2d at 513-14.
In Spragins this Court followed the holding in First AlabamaBank of Montgomery, N.A. v. Martin, 425 So.2d 415 (Ala. 1982), cert. denied, 461 U.S. 938, 103 S.Ct. 2109, 77 L.Ed.2d 313
(1983) — that remedies to enforce rights arising under a trust have been relegated to the exclusive jurisdiction of equity:
 "It has long been the law in Alabama that where a trustee does not perform his duty to protect the trust, the beneficiaries may sue in equity to protect their rights. Supervising the administration of trusts is *Page 649 
a well-recognized ground of equity, and the regulation and enforcement of trusts is one of the original and inherent powers of the equity court."
425 So.2d at 423 (citations omitted).
This Court, in Spragins, quoted Restatement (Second) ofTrusts § 198 (1959), which states the two exceptions to exclusive equitable jurisdiction over a beneficiary's remedies against a trustee:
 "(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment. (2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him."
See 475 So.2d at 514. Writing about the two exceptions, neither of which the Court found applicable in Spragins, this Court said: "The courts of Alabama have consistently recognized and applied this common law development." 475 So.2d at 514. This Court also addressed the possibility of a third exception: "a claim for money damages only, based on an alleged breach of fiduciary duty," 475 So.2d at 514, but rejected that third exception, deciding instead "to adhere to precedent and leave all matters pertaining to trusts, other than the two recognized exceptions, within equity's exclusive jurisdiction." Spragins, 475 So.2d at 514.
Land contends that the trial court properly refused to strike his jury demand, because, he argues, the facts of this case come within the first exception, as an action to recoup money that was due to be paid over immediately and unconditionally. Land candidly admits that "[f]ollowing a diligent search of Alabama case law, [he] has concluded that there are no Alabama cases which address the application of the exceptions as set out in the Restatement (Second) of Trusts § 198 (1959)," but he does cite Jefferson National Bank v. Central National Bank,700 F.2d 1143, 1148 (7th Cir. 1983), wherein the Court of Appeals for the Seventh Circuit upheld the trial court's order granting the plaintiff a trial by jury.
We believe Alabama law to be clear: that the plaintiff's claims here are exclusively within the realm of equity jurisdiction. This conclusion is especially compelling in this case, in which the beneficiary of the trust, until her death, was also a co-trustee. We have diligently searched for cases that would make an exception in a case where, as in this case, the beneficiary, to whom payments were to be made, was also a co-trustee, but we have found none.
We realize, of course, that Land's complaint is based upon SouthTrust's alleged negligence in failing to exercise supervision and control over Payne or to employ measures sufficient to detect embezzlement of the royalties. However, we find no significant difference between the facts alleged in this case and those alleged in Spragins, where this Court refused to apply the Restatement exception.
Based on the foregoing, we hold that the plaintiff, as co-trustee, is not entitled to a trial by jury; therefore, SouthTrust is entitled to the writ of mandamus.
WRIT GRANTED.
HOUSTON and BUTTS, JJ., concur.
HOOPER, C.J., concurs specially.
COOK, J., concurs in the result.
ALMON and SHORES, JJ., dissent.
[1] The trust instrument provides, in part:
"The Trustees shall pay to my wife, Ethel L. Penney, in not less frequent than quarter annual installments, the entire net income from such Trust Share so long as she, the said Ethel L. Penney shall live."
[2] Based on the evidence before us, it appears that SouthTrust employed one Haddon Gann as its coal agent to collect the coal royalties from various operators who were mining coal on the trust property, but Gann died in 1983. SouthTrust then entered into an arrangement with Gann's son-in-law, Ronald Payne, under which Payne agreed to collect coal royalties, deposit them into his own bank account, and remit the balance to SouthTrust, less his commission. SouthTrust would then make a distribution to the trust. Payne did not remit the moneys as agreed, and on January 28, 1994, Payne pleaded guilty to embezzling $313,883, while acting as a coal agent.
[3] The standard for considering whether a writ of mandamus should be issued has been stated by this Court in Ex parte Edgar,543 So.2d 682 (Ala. 1989):
"[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." 543 So.2d at 684. In addition, this Court has held that the writ of mandamus will issue to compel a trial court to grant a trial by jury. Ex parte Holt, 599 So.2d 12
(Ala. 1992):
 "Although mandamus will lie to compel a trial court to grant a trial by jury, Ex parte Rush, 419 So.2d 1388, 1391
(Ala. 1982), the petitioner first must show that he has a clear legal right to a trial by jury and a violation of that right by the trial court. Ex parte Reynolds, 447 So.2d 701, 703 (Ala. 1984)."
Id. at 13. Here, the petitioner SouthTrust asks this Court to review the trial court's order denying its motion to strike the plaintiff's jury demand.