This is an appeal from a jury verdict and judgment awarding Stephens $36,000.00 damages in a breach of contract and conversion of property action against Gaylord, and a jury verdict and judgment against Gaylord on its counterclaim. We affirm
James Stephens, a licensed pharmacist, entered into an agreement with Gaylord Department Stores of Alabama, Inc. on or about July 14, 1977, whereby Stephens agreed to operate a pharmacy department in Gaylord's store located on Southern Boulevard in Montgomery. The agreement and accompanying documents contained numerous provisions and conditions, including a covenant not to engage in similar employment during the length of the contract and for one year thereafter within a thirty-mile radius; an agreement to staff a registered pharmacist during all the hours Gaylord's is open for business; and, a provision waiving jury trial in any prospective action between the parties.[1] The agreement was to terminate on January 31, 1986
Stephens spent $13,000.00 in preparing this pharmacy for business, and in October, 1978, he and his father opened another pharmacy one block away at the Super Foods Store
The controversy centers around events occurring around Memorial Day, May 28, 1979. It is hotly disputed whether on three days prior to Memorial Day — Thursday, May 24; Friday, the 25th; Saturday, the 26th — the pharmacy was totally closed and unmanned in violation of the license agreement. Stephens testified that he was there and produced prescriptions showing he was there on those days. Gaylord's witnesses said that Stephens was not in the pharmacy. For Monday, the 28th, Stephens had prearranged for another pharmacist to open and operate Gaylord's Pharmacy, but the substitute did not appear By mid-morning the next day, Tuesday the 29th, the pharmacy was still not opened, and Dorman, Gaylord's district manager, phoned Stephens and told him that he, Stephens, and not a substitute pharmacist, had better come in and operate Gaylord's Pharmacy or else it would be closed. Stephens was unable to come so Gaylord closed the pharmacy. Later that day, after a discussion with Dorman, Stephens started removing his stock inventory from Gaylord's which was completed the next day
The security agent would not permit Stephens to remove the pharmacy cash, and he threatened to arrest him if he attempted to remove the shelving and fixtures. Stephens received a letter from Gaylord dated May 31, 1979, terminating the lease agreement "due to . . . discontinuance of the conduct of . . business." Stephens's fixtures are being used by the successor pharmacist, although Stephens did not receive, from Gaylord, an offer to buy them. Stephens could not sell them to a third party buyer because he was prevented from removing them
Before trial, the trial judge denied Gaylord's motion to strike Stephens's jury demand. At the close of Stephens's evidence, and again at the close of all evidence, Gaylord moved for a directed verdict. Those motions were denied as was Gaylord's motion for JNOV
The issues presented for review are: (1) whether the court erred by not striking the jury demand; and (2) whether the verdict and judgment were contrary to the evidence *Page 588 
 (1)
Article I, § 11, Constitution 1901, provides that the right of trial by jury shall remain inviolate. Moreover, Rule 38 (a), ARCP, provides that the right of trial by jury as declared by the Constitution of Alabama, or as given by statute of this State shall be preserved to the parties inviolate. While this precious right of trial by jury may be waived, was it properly waived in this particular case?
The validity of waiver of a jury trial in a contract action has been recognized in a number of jurisdictions, including Connecticut, Massachusetts, New Jersey, New York, and Ohio. See 73 A.L.R.2d 1333. The Supreme Court of Florida, construing New York law, upheld the jury waiver provision in a written contract. Central Investment Associates, Inc. v. LeasingService Corp., 362 So.2d 702 (Fla. 1978). However, all of these Courts upholding jury waivers follow a general rule that since the right of jury trial is highly favored, a waiver will be strictly construed. In Edsaid Realty Corp. v. Samuels, City Ct., 92 N.Y.S.2d 897 (1949), the Court held that the waiver must be clear and explicit and leave no room for doubt about the intention of the parties. And in National Equipment RentalLtd. v. Hendrix, 565 F.2d 255 (2d Cir. 1977), the Court held a waiver of jury trial ineffective, where it was buried in the eleventh paragraph, and there appeared gross inequality in bargaining power between the parties, and it did not appear that the waiver was knowingly and intentionally made. We opine that these statements are applicable here
The contract between Stephens and Gaylord appears to be a New Jersey form contract with boiler plate provisions. The jury waiver provision is buried in paragraph thirty-four in a contract containing forty-six paragraphs; the equality of the bargaining power of the parties is questionable; and it does not appear that the waiver by Stephens was intelligently or knowingly made
Gaylord points to the fact (on pages 139 and 140 of the transcript) that he read the contract before signing it. Our reading of that testimony leads us to conclude that the questioning by Gaylord pointed to a prohibition against opening another pharmacy — not to the jury trial waiver
Finally, we note that Gaylord prevented Stephens from removing his cash after it closed the pharmacy and Stephens was threatened with arrest by a Gaylord's security agent if he removed his shelving and fixtures. Under these circumstances we opine that even if we were of the opinion that the waiver was effective as to the violations of the contract, the waiver could not be extended to the tort action stated in Count III of Stephens's complaint
 (2)
We review, after denial of a motion for JNOV, the sufficiency of the evidence to support the jury verdict. Harville v. Goza,393 So.2d 988 (Ala. 1981). This we have done, and hold that it was sufficient as to Stephens, and as to Gaylord's counterclaim
The tenor of this case appears to be more wrongful conversion of property than breach of contract. The evidence shows that Gaylord wrongfully withheld and converted to its use property of Stephens totaling about $16,000.00. The jury, therefore, could have rightfully awarded punitive damages under its general verdict. Cf. U-Haul Co. of Ala. v. Long, 382 So.2d 545
(Ala. 1980)
The judgment of the trial court is affirmed
AFFIRMED
ALMON, EMBRY and ADAMS, JJ., concur
TORBERT, C.J., concurs in the result
[1] "Licensor and Licensee hereby waive trial by jury in any action, proceeding or counterclaim brought by either party hereto against the other arising out of or in any way connected with this agreement, Licensee's use or occupancy of space in Licensor's store, any and all claims for injury and damages, or arising out of any other matter or controversy whatever." *Page 589