"[T]he right of trial by jury shall remain inviolate." Ala. Const. art. 1, § 11. This right, however, is a personal right which can be waived. Hood v. Kelly, 285 Ala. 337, 339,231 So.2d 901, 904 (1970); Moore v. City of Mobile, 248 Ala. 436,439, *Page 1202 28 So.2d 203, 205 (1946); Oliver v. Herron, 106 Ala. 639, 640,17 So. 387 (1894).
An individual can waive his right to jury trial through a contract, including a lease. Gaylord Department Stores ofAlabama, Inc. v. Stephens, 404 So.2d 586, 588 (Ala. 1981).
Section 10.4 of the lease agreement between The Mall and Robbins is entitled Waiver of Trial by Jury: Tenant Not toCounterclaim and specifically provides:
 "[I]t is mutually agreed by and between landlord and tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the relationship of landlord and tenant [and] tenant's use or occupancy of the leased premises."
I believe that the action filed by Robbins was connected with the lease agreement. The majority concedes that none of the exceptions alluded to in Gaylord applies in this case. Robbins and The Mall were both experienced in business, and had equal bargaining power. The jury waiver provisions were obvious and clear and were not buried deep in the contract. Finally, any responsible businessman would read a lease before signing, thus eliminating the possibility that he might unintentionally or unknowingly waive the right to trial by jury in a case such as this. See, Gaylord, 404 So.2d at 588.
In spite of the obviously valid waiver of jury by Robbins and The Mall, which is consistent with Alabama law, the majority upholds the lower court's decision to disregard the contract and allow trial by jury. The only rationale given is "public policy grounds." While the policy decision by the majority is apparently limited to the facts in this case, I cannot agree with this deviation from Alabama law. I believe that when he signed the contract Robbins, as a businessman, was aware of his agreement to waive a jury trial if any dispute arose concerning the area leased from The Mall. Robbins was not entitled to a jury trial and I would reverse and remand the case for a non-jury trial. Because I do not believe a jury trial was warranted, I feel there is no need to reach the damage issue.
MADDOX and ALMON, JJ., concur.