The main opinion rejects Perry's claim that the defendants had a duty to point out the arbitration clause. The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable and enforceable" except "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Contract defenses that are generally applicable under state law, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements, without contravening § 2. Allied-Bruce Terminix Cos. v. Dobson,513 U.S. 265 (1995). To put that principle into the context of this case, we cannot require emphasis upon the presence of an arbitration clause that would be inconsistent with general principles of Alabama contract law. The Montana legislature attempted to require such emphasis, through a legislative act, but the United States Supreme Court struck down that act inDoctor's Associates, Inc. v. Casarotto, 517 U.S. 681 (1996).
What then does Alabama law say about generally applicable contract defenses that can be applied by analogy to Perry's claim that the defendants had a duty to point out the arbitration clause? The closest analogy I can find in Alabama contract law is *Page 870 
the rule dealing with enforceability of a contractual waiver of a right to trial by jury. In The Mall, Inc. v. Robbins, 412 So.2d 1197
(Ala. 1982), this Court, following Gaylord Department Stores of Alabama,Inc. v. Stephens, 404 So.2d 586 (Ala. 1981), listed three factors a court should consider in determining whether to enforce such a waiver: "(1) whether the waiver is buried deep in a long contract; (2) whether the bargaining power of the parties is equal; and (3) whether the waiver was intelligently and knowingly made." 412 So.2d at 1199. This Court in Robbins then upheld a contractual provision entitled "Waiver of Trial By Jury: Tenant Not to Counterclaim"; that provision had been entered into between two businessmen. This Court observed:
 "Since the section is titled so as to call attention to the waiver of jury trial in the lease, the waiver is not inconspicuously buried deep in the contract."
Id.
I have found only two cases in which this Court has dealt with the issue whether a contractual provision that waives the right to trial by jury is enforceable. Those cases strike me as dealing with a form of unconscionability, a defense available under the Supreme Court's construction of 9 U.S.C. § 2 in Allied-Bruce. Further, the holding of those two cases could not be suspect on the ground that they might have been motivated by a desire to frustrate enforcement of the FAA — they were decided long before the current litigious environment surrounding arbitration. I do not believe 9 U.S.C. § 2 preempts, in arbitration cases, principles of Alabama contract law strictly construing, but not forbidding, agreements in contracts that waive the right to a jury trial, based on Alabama public policy highly favoring jury trials.
Turning to Perry's claims, I am troubled by the not-too-subtle avoidance of the word "arbitration" in the boldface heading of the two portions of the "Buyer's Order" dealing with the subject. The phrases "Dispute Resolution Agreement" and "Dispute Resolution Process" head the two portions of the Buyer's Order dealing with arbitration. Would we uphold a contractual waiver of the right to trial by jury if it were captioned in similarly amorphous terms? Should we require more to protect a party from giving uninformed consent to a trial before a circuit judge, sitting without a jury, than we require for consent to have one's claims decided by an arbitrator? The main opinion describes the phrase "alternative dispute resolution" as more informative than the word "arbitration." However, the phrase "alternative dispute resolution" can describe nonbinding mediation, which, of course, does not result in a waiver of the right to trial by a jury, while arbitration is inconsistent with adjudication by a jury.
We are prohibited by Casarotto and the FAA from treating arbitration as a disfavored stepchild hidden in the back when company comes. I would apply to contracting parties who agree to arbitrate, the same standard that Alabama law applies to contracting parties who agree to a jury-trial waiver. If arbitration is to be the remedy agreed upon by contract, then the word "arbitration" should appear in a heading of the paragraph or provision in which the agreement or requirement to arbitrate is set out, or otherwise called attention to in a conspicuous manner. I would treat the use of the euphemism "alternative dispute resolution" as the equivalent of burying the arbitration provision in the contract, and I would remand this case for an evidentiary hearing dealing with the remaining standards set forth inGaylord.
I respectfully dissent.
Cook and Johnstone, JJ., concur.