PER CURIAM.
John P. Coble, the plaintiff below, appealed from an order of the Madison Circuit Court striking his demand for a jury trial. Because an order granting or denying a trial by jury is an interlocutory order properly reviewed by a petition for a writ of mandamus, see Ex parte SouthTrust Bank of Alabama, N.A., 679 So.2d 645, 647 (Ala.1996), we have elected to treat the appeal as a petition for a writ of mandamus. See Fowler v. Merkle, 564 So.2d 960, 961 (Ala.Civ.App.1989) (stating that this court has the discretion to treat an appeal from an unappealable order as a petition for a writ of mandamus).
In June 2008, Coble entered into a one-year lease agreement with Haden Development, L.L.C., d/b/a Hampton Falls (“Ha-den Development”), in which Coble leased an apartment from Haden Development. That agreement contained a jury-waiver provision that stated: “WAIVER OF JURY TRIAL. To minimize legal expenses and, to the extent allowed by law, [Coble] and [Haden Development] agree that a trial of any lawsuit based on statute!,] common law, and/or related to this Lease Contract shall be to a judge and not a jury.” (Capitalization in original.) In July 2009, Coble and Haden Development entered into a six-month lease agreement to rent the apartment. That agreement contained a jury-waiver provision containing the same language as the jury-waiver provision in the 2008 agreement.
In September 2009, Coble sued Haden Development, alleging various claims, including breach of contract and claims based on alleged statutory violations, and *658 he demanded a jury trial. In December 2009, Coble amended his complaint to include as a defendant Sealy Management Co., Inc., as a successor in interest to Haden Development; the amended complaint also contained a demand for a jury trial. The defendants subsequently moved to strike Coble’s demand for a jury trial on the basis of the jury-waiver provision contained in the lease agreements. Following a hearing, the trial court granted the motion to strike the jury demand. Coble filed a notice of appeal to this court, which we have elected to treat as a petition for a writ of mandamus. See Ex parte SouthTrust Bank, supra, and Fowler, supra.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).
Coble argues that the trial court erred in striking his demand for a jury trial. In making that argument, Coble first contends that the Alabama Uniform Residential Landlord and Tenant Act, § 35-9A-101 et seq., Ala.Code 1975 (“the Act”), prohibits the jury-waiver provision contained in the lease agreements. Section 35-9A-163(a)(4), a part of the Act, provides that “[a] rental agreement may not provide that the tenant ... agrees to the ... limitation of any liability of the landlord arising under law....” The Act further provides that such a prohibited provision is unenforceable. § 35-9A-163(b), Ala.Code 1975. Coble argues that the jury-waiver provision is a “limitation of ... liability” prohibited under the Act. It appears that no Alabama case has addressed this issue. Our legislature adapted the Act from the Uniform Residential Landlord and Tenant Act, which was drafted in 1972 by the National Conference of Commissioners on Uniform State Laws. See generally 2 R. Powell, Powell on Property § 16.01 (2000). Section 35-9A-163(a)(4) is identical to § 1.403(a)(4) of the Uniform Residential Landlord and Tenant Act. Several states have adopted versions of that uniform act. See Table of Jurisdictions Wherein Act Has Been Adopted, preceding § 35-9A-101, Ala. Code 1975. Coble cites no authority from any other jurisdiction, and our research reveals none, construing a jury-waiver provision as a prohibited limitation of liability under a provision similar to § 35-9A-163(a)(4). The jury-waiver provision in this case is not a limitation of liability under § 35-9A-163(a)(4). Whether Co-ble’s action is tried before a jury or before a judge without a jury does not affect the defendants’ legal obligations upon which liability would be based. If the legislature had intended to prohibit a jury-waiver provision in a residential-lease agreement, it could have included within the Act a provision clearly doing so. See, e.g., Mass. Gen. Laws ch. 186, § 15F.
Next, Coble argues that the jury-waiver provision should not be enforced against him based on the standard announced by our supreme court in Gaylord Department Stores of Alabama, Inc. v. Stephens, 404 So.2d 586 (Ala.1981) (per Faulkner, J., with three Justices concurring and one Justice concurring in the result), which we will discuss below. Ini *659 tially, we note that our research reveals no Alabama cases determining which party has the burden of proving whether a valid waiver of the right to a jury trial was made. However, most federal courts that have addressed the issue have concluded that the party seeking to enforce the waiver carries that burden.[1] J. Moore, Moore's Federal Practice § 38.52[l][d] (3d ed.2010), and the cases cited therein; 9 C. Wright and A. Miller, Federal Practice and Procedure § 2321 (3d ed.2002); and RDO Fin. Servs. Co. v. Powell, 191 F.Supp.2d 811, 813-14 (N.D.Tex.2002). In Gaylord, our supreme court relied on National Equipment Rental, Ltd. v. Hendrix, 565 F.2d 255 (2d Cir.1977). Hendrix, citing Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177 (1937), observed that a presumption exists against the waiver of the right to a jury trial. Because there is a presumption against waiver, we conclude that the party seeking the enforcement of the waiver has the burden of proving that the waiver of the right to a jury trial was validly made in light of the standard established in Gay-lord.
We emphasize that our holding does not apply to arbitration clauses, which necessarily include a waiver of the right to a jury trial. In an arbitration case,
“ ‘[t]he party seeking to compel arbitration has the initial burden of proving the existence of a written contract calling for arbitration and proving that that contract evidences a transaction involving interstate commerce.’ Polaris Sales, Inc. v. Heritage Imports, Inc., 879 So.2d 1129, 1132 (Ala.2003). ‘ “ ‘[Ajfter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.’ ” ’ Kenworth of Birmingham, Inc. v. Langley, 828 So.2d 288, 290 (Ala.2002) (quoting Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000), quoting in turn Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995)).”
I.C.E. Contractors, Inc. v. Martin & Cobey Constr. Co., 58 So.3d 723, 725 (Ala.2010). Recently our supreme court, in the context of determining whether a jury-waiver provision applies to nonsignatory agents of a corporation, addressed the distinction between a jury-waiver provision and an arbitration clause:
“[I]n In re Credit Suisse First Boston Mortgage Capital, L.L.C., 273 S.W.3d 843, 847-48 (Tex.App.2008), a Texas court applied the following analysis:
[[Image here]]
“ ‘... Arbitration agreements and jury waivers are subject to opposite presumptions:
‘““Unlike arbitration agreements, which are strongly favored under Texas law, the right to a jury trial is so strongly favored that contractual jury waivers are strictly construed and will not be lightly inferred or extended. Before a jury waiver will be enforced, such waiver must be found to be a voluntary, knowing, and intelligent act that was done with sufficient awareness of the relevant circumstances and likely consequences.”
*660 “ ‘[In re Credit Suisse First Boston Mortgage Capital, L.L.C., 257 S.W.3d 486,] 490 [(Tex.App.2008)] (citations omitted)....
[[Image here]]
“We agree with the reasoning of the Texas court that analogy to arbitration cases is inappropriate because of the inapplicability of the Supremacy Clause of the United States Constitution based on cases from the United States Supreme Court construing the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and the resulting application of opposite presumptions in interpreting arbitration and jury-waiver provisions.”
Ex parte Carter, 66 So.3d 231, 238-39 (Ala.2010).
We now address Coble’s argument that he is entitled to a jury trial based on Gaylord. In Gaylord, our supreme court discussed factors to be considered in determining whether a jury-waiver provision should be enforced.. In that case, Stephens, a pharmacist, entered into an agreement with Gaylord Department Stores of Alabama, Inc., in which Stephens agreed to operate a pharmacy department in Gaylord’s store. The agreement contained a jury-waiver provision. Stephens later sued Gaylord, alleging breach of contract and conversion. The trial court denied Gaylord’s motion to strike Stephens’s jury demand, and a judgment was subsequently entered on a jury verdict. On appeal, our supreme court addressed whether the jury-waiver provision in the agreement should have been enforced:
“Article I, § 11, Constitution 1901, provides that the right of trial by jury shall remain inviolate. Moreover, Rule 38(a), [Ala. R. Civ. P.], provides that the right of trial by jury as declared by the Constitution of Alabama, or as given by statute of this State shall be preserved to the parties inviolate. While this precious right of trial by jury may be waived, was it properly waived in this particular case?
“The validity of waiver of a jury trial in a contract action has been recognized in a number of jurisdictions, including Connecticut, Massachusetts, New Jersey, New York, and Ohio. See 73 A.L.R.2d 133[2]. The Supreme Court of Florida, construing New York law, upheld the jury waiver provision in a written contract. Central Investment Associates, Inc. v. Leasing Service Corp., 362 So.2d 702 (Fla.[Dist.Ct.App.]1978). However, all of these Courts upholding jury waivers follow a general rule that since the right of jury trial is highly favored, a waiver will be strictly construed. In Edsaid Realty Corp. v. Samuels, City Ct., 92 N.Y.S.2d 897 (1949), the Court held that the waiver must be clear and explicit and leave no room for doubt about the intention of the parties. And in National Equipment Rental Ltd. v. Hendrix, 565 F.2d 255 (2d Cir.1977), the Court held a waiver of jury trial ineffective, where it was buried in the eleventh paragraph, and there appeared gross inequality in bargaining power between the parties, and it did not appear that the waiver was knowingly and intentionally made. We opine that these statements are applicable here.
“The contract between Stephens and Gaylord appears to be a New Jersey form contract with boiler plate provisions. The jury waiver provision is buried in paragraph thirty-four in a contract containing forty-six paragraphs; the equality of the bargaining power of the parties is questionable; and it does not appear that the waiver by Stephens was intelligently or knowingly made.”
Gaylord, 404 So.2d at 588.
Our supreme court first applied the test established in Gaylord in Mall, Inc. v. *661 Robbins, 412 So.2d 1197 (Ala.1982). The court in Mall stated that the court in Gaylord had established “three factors in determining whether to enforce a contractual waiver of the right to a trial by jury: (1) whether the waiver is buried deep in a long contract; (2) whether the bargaining power of the parties is equal; and (3) whether the waiver was intentionally and knowingly made.” 412 So.2d at 1199. In Mall, the supreme court concluded that the controversy in that case was outside the scope of the waiver provision and, therefore, that the waiver provision was unenforceable. However, the Mall court also examined the facts of that case in light of the test stated in Gaylord. Regarding the first Gaylord factor, the court in Mall observed:
“The contractual waiver in the lease is in section 10.4, which is entitled ‘Waiver of Trial by Jury: Tenant Not To Counterclaim.’ Since the section is titled so as to call attention to the waiver of jury trial in the lease, the waiver is not inconspicuously buried deep in the contract.”
412 So.2d at 1199. Regarding the second Gaylord factor, the court in Mall noted that “the parties were both businessmen” and that the tenant seeking a jury trial owned six or seven other stores. Id. Thus, the court concluded that the parties did not have unequal bargaining power. Mall appears to be the only Alabama case that has applied the Gaylord test. Mall seems to suggest that, were it not for the controversy in that case being outside the scope of the jury-waiver provision, the jury-waiver provision in that case would have been enforced.
Regarding the first Gaylord factor, the facts of this case are similar to the facts in Mall. The court in Mall observed that, because the jury-waiver provision was “titled so as to call attention to” the waiver, the waiver was “not inconspicuously buried deep in the contract.” Id. In this case, the waiver provision is located in clause 33 of a 43-clause lease agreement; clause 33 is labeled “MISCELLANEOUS.” The waiver provision is a separate paragraph in that clause and is titled “WAIVER OF JURY TRIAL.” (Capitalization in original.) Similar to the provision in Mall, the jury-waiver provision in this case is titled “so as to call attention to the waiver.” Id. The clearly titled provision is easily found, and the text of the provision is in the normal print size of the lease agreement. Hence, the first Gaylord factor weighs in favor of enforcing the jury-waiver provision.
We next consider the second Gaylord factor, ie., we consider the bargaining power of the parties. The materials before us reveal little about the bargaining power of the parties. We note, however, that Coble is a practicing bankruptcy attorney, which suggests that he has acquired at least some degree of sophistication that would aid him in dealing with a landlord. The materials before us do not indicate that Coble attempted to negotiate the terms of the lease agreement or that he had to sign the lease agreement as it was originally presented. Unequal bargaining power does not exist merely because one party is a company and the other party is an individual in need of the company’s services. Collins v. Countrywide Home Loans, Inc., 680 F.Supp.2d 1287, 1295-96 (M.D.Fla.2010) (applying similar federal law regarding the contractual waiver of the right to a jury trial). We cannot say that the facts demonstrate that the parties had unequal bargaining power regarding the lease agreement.
We next address the third Gaylord factor, ie., whether the waiver was intelligently and knowingly made. We note initially that the court in Mall characterized the question whether a waiver was intelli *662 gently and knowingly made as a separate factor in determining whether to enforce a jury-waiver provision. However, Gaylord relied on federal law, which characterizes the test for determining the enforceability of a jury-waiver provision slightly differently from the Gaylord test as characterized by the court in Mall. Under federal law, a jury-waiver provision will be enforced if the waiver was made knowingly, intentionally, and voluntarily. See 8 Moore, Moore’s Federal Practice § 38.52[3][a], and the cases cited therein. Under federal law, factors such as whether the provision is buried in a contract and the bargaining power of the parties, ie., the first two Gaylord factors, are factors that would indicate whether the waiver was intelligently and knowingly made, ie., the third Gaylord factor. It appears that the third Gaylord factor may be characterized as directing the trial court to consider any factors, in addition to the first two Gaylord factors, touching on whether the waiver was intelligently and knowingly made.
In this case, the jury-waiver provision was clear and succinct, and it was labeled “WAIVER OF JURY TRIAL.” (Capitalization in original.) Coble initialed the bottom of the page on which the jury-waiver provision is contained, and that provision is less than two inches above Coble’s initials. See National Westminster Bank, U.S.A. v. Boss, 130 B.R. 656, 667 (S.D.N.Y.1991) (enforcing a jury-waiver provision when the waiver provision was set off in its own paragraph less than two inches above the signature line). Coble signed two lease agreements containing the same jury-waiver provision. Those facts, and the facts discussed above regarding the first two Gaylord factors, suggest that Co-ble intelligently and knowingly waived his right to a jury trial. We conclude that the trial court did not err in determining that Coble validly waived his right to a jury trial.
Coble also argues that, even if the jury-waiver provision is enforceable, not all of his claims are within the scope of the waiver. Because the right to a jury trial is highly favored, a jury-waiver provision will be strictly construed. Gaylord, 404 So.2d at 588. Coble contends that his claim alleging “[hjarassment by the Landlord is outside the scope of the contract and therefore outside the scope of any jury waiver clause.” Coble’s brief at 16. Coble appears to be referring to his first claim, which is titled “§ 35-9A-303, Code of Alabama, 1975 (Abuse of Access) and the Tort of Harassment.” That claim alleges, in pertinent part:
“The Defendants are in material violation of Alabama Code Section 35-9A-303.[2] Management inspections (which at first were supposed to be ‘annual’) have been held on February 18, 2009; August 4, 2009 and September 11, 2009. Per the lease for these apartments, any such inspection notice was to show a ‘time,’ not a ‘date’ or a ‘part of a day.’ [Coble] complained each time. [Coble] went to great expense to have someone at the apartment two out of the three of these inspections.”
The jury-waiver provision in this case is very broad. The provision waives a jury trial “of any lawsuit based on statute[,] common law, and/or related to this Lease Contract.” In Ex parte AIG Baker Orange Beach Wharf, L.L.C., 49 So.3d 1198, 1201 (Ala.2010), our supreme court explained that a jury-waiver provision applying to claims “related to” a contract has a broader scope than a jury-waiver provi *663 sion applying to claims “arising from” a contract. Our supreme court stated:
“In Ex parte Cupps, [782 So.2d 772 (Ala.2000),] this Court examined the scope of a jury-waiver provision. We noted that a provision applying only to claims ‘arising from’ or ‘arising under’ a contract has a narrow scope and ‘exclude[d] claims that did not require a reference to, or a construction of, the underlying contract.’ 782 So.2d at 776. On the other hand, a provision applying to claims ‘ “arising out of or relating to” ’ a contract — such as the provision in the instant case — ‘ “has a broader application” ’ than a provision ‘ “that refers only to claims ‘arising from’ the agreement.” ’ 782 So.2d at 776 (quoting Reynolds & Reynolds Co. v. King Automobiles, Inc., 689 So.2d 1, 2-3 (Ala.1996)). Cf. Vann v. First Cmty. Credit Corp., 834 So.2d 751, 754 (Ala.2002) (noting that the phrase ‘any controversy or claim arising out of or relating to’ covers a broad range of disputes); Beaver Constr. Co. v. Lakehouse, L.L.C., 742 So.2d 159, 165 (Ala.1999) (noting that ‘ “relating-to” language has been held to constitute a relatively broad arbitration provision’).”
Ex parte AIG Baker, 49 So.3d at 1201.
Coble’s first claim is based on allegations that the defendants entered his apartment more times than allowed by the lease agreements and in violation of the Act. We conclude that the jury-waiver provision, which broadly waived the right to a jury trial in any lawsuit based on a statute or related to the lease agreements, is sufficiently broad enough to apply to Coble’s first claim.
The trial court did not err in striking Coble’s demand for a jury trial. Coble waived his right to a jury trial, and the jury-waiver provision is due to be enforced. Therefore, we deny Coble’s petition for a writ of mandamus.
PETITION DENIED.
All the judges concur.

. The right to a jury trial in civil cases in federal court is guaranteed by the Seventh Amendment to the United States Constitution. The Seventh Amendment does not apply to state courts. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 418, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). However, Alabama cases have stated that the Seventh Amendment is not materially different from Article I, § 11, of the Alabama Constitution of 1901. Eason v. Bynon, 781 So.2d 238, 241 (Ala.Civ.App.2000).

. Among other things, § 35-9A-303, Ala.Code 1975, provides that "[a] landlord shall not abuse the right of access or use it to harass the tenant.” § 35-9A-303(c).