THOMAS, Judge.
C.M.P. (“the mother”) and D.S. (“the father”) are the parents of D.N.L.S. (“the child”). The parties have never been married to one another. On September 23, 2010, the Jefferson Juvenile Court entered •an order awarding joint legal custody of the child to the parents and primary physical custody of the child to the mother. The juvenile court awarded visitation to the father. On June 14, 2012, the father filed a motion that he styled as a “verified petition for rule nisi” in the juvenile court, alleging that the mother should be held in contempt because she had refused, to allow the father to exercise his visitation with the child, who was then four years old. The action initiated by the father’s petition was assigned case no. JU-10-67.01. The juvenile court scheduled a hearing on the petition for February 19, 2013.
On July 3, 2012, the mother filed a standardized complaint/affidavit in case no. JU-10-67.01 alleging that the father had abused the child. According to the mother, on May 7, 2012, the child had reported to her that “[djaddy was mad at him for pooping in his bedroom. He said that ‘daddy put his finger up his bottom,’ and that daddy hurt him.” On July 16, 2012, the mother filed, in case no JU-10-67.01, a petition to modify the father’s visitation with the child in which she argued that the father’s alleged abuse of the child amounted to a material change of circumstances warranting suspension of the father’s visitation rights.
A copy of a letter from the Jefferson County Department of Human Resources (“DHR”) to the father dated July 30, 2012, indicates that DHR had completed a child abuse/neglect assessment and had found that the allegations of abuse against the father were “not indicated.” On July 23, 2012, the father filed a motion for an expedited hearing, asserting that he had been denied visitation with the child since May 2012 and again seeking a finding of contempt against the mother. That same day the mother filed a request for an emergen-, cy hearing in which she admitted that the father had tried to exercise visitation but that she had not allowed visitation because she had “called for a suspension.” The juvenile court appointed a guardian ad li-tem for the child and scheduled a hearing.
On September 12, 2012, the father filed a motion to dismiss the mother’s modification petition, contending that, because the DHR investigation had yielded a “not indicated” finding, there was no material change of circumstances for the juvenile *1041 court to consider. There is nothing in the materials presented to this court indicating that the juvenile court entered an order on the father’s motion. Instead, a hearing was held on October 15, 2012, and the juvenile court rendered an order requiring that the father’s visitation be “supervised by the mother or other adult individual deemed appropriate by the mother,” that the father submit to a “sexual/psychological evaluation by a psychologist agreed upon by all attorneys to this cause,” and that the attorneys report to the court whether the Catholic Diocese had conducted an independent investigation into the allegations of abuse, including a psychological evaluation of the father.[1] A review hearing was set for December 7, 2012; that hearing was continued at the father’s request. However, on December 7, 2012, the father filed a motion to set an immediate hearing, alleging that his visitation was “very limited.” The father provided a copy of the results of his court-ordered psychological evaluation to the juvenile court on March 25, 2018. The mother filed a motion to continue, which was granted, and, on June 5, 2013, the father filed a motion for an immediate hearing, alleging that the mother had continued to deny him visitation with the child. The mother filed a motion requesting an immediate hearing and requesting that the juvenile court “set aside” the father’s motion for an immediate hearing, contending that neither she nor any other person was “willing' or able” to supervise the father’s visits and asserting that law-enforcement officials had “reopened” the case and that the child was scheduled to be interviewed regarding the father’s “inappropriate acts.” The mother complained that the type of psychological examination to which the father had submitted was “antiquated.”[2]
The father filed a motion requesting that the juvenile court require the mother to submit to a psychological evaluation, alleging that the mother had intentionally changed attorneys three times to “prolong this case” and complaining that the mother planned to “expose the [child] to further investigation a whole year after [the mother’s] first allegation,” which the father characterized as the mother’s attempt to further alienate the father from the child with “unnecessary acts of investigation.” According to the father, the mother’s behavior regarding the child had become increasingly “erratic” and “questionable.” He claimed that the mother’s behavior was detrimental to the child’s best interests and that he was not aware whether the mother had sought approval of her decision to deny him visitation from the child’s guardian ad litem. The father also filed an emergency motion to stay “the activities ... regarding [the mother’s] intention to expose the child to further investigation” and a motion alleging that the mother had relocated with the child -without his knowledge. The mother filed a response in which she admitted that she planned to pursue further investigation of the alleged abuse because the child had matured and was better able to communicate than he had been at four years of age. Thereafter, the mother filed a petition seeking the appointment of a different guardian ad litem for the child because, she claimed, the child’s guardian ad litem was “unusually friendly” to the father.
A hearing was held on October 10, 2013, at which the juvenile court heard ore tenus *1042 testimony. At the beginning of the hearing, the juvenile court attempted to clarify the issues before it. The parties appear to agree that the purpose of the hearing was to adjudicate the requested modification of the father’s visitation. They pointed out that the father had filed a contempt motion against the mother and a motion seeking a psychological evaluation of the mother and that the mother had filed a motion seeking the appointment of a different guardian ad litem for the child.
At the close of the brief hearing, the juvenile court orally stated: “Here is what I think probably is going to happen. We will probably set another date for hearing on the outstanding motions. And then from there, perhaps have a better grip on the trial setting.” Thus, there was no resolution of the issue of visitation or of the parties’ various motions; however, the juvenile court entered an order on October 11, 2013, in which it ordered the mother to submit to a psychological evaluation.
Without filing a postjudgment motion, the mother filed a notice of appeal in this court on October 28, 2013, seeking this court’s review of whether the juvenile court erred by ordering her to undergo a psychological evaluation. We have elected to treat the appeal as a petition for a writ of mandamus. Ex parte Coble, 72 So.3d 656, 658 (Ala.Civ.App.2011).
“‘A writ of mandamus is an extraordinary remedy, and it will be “issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.” Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).’
“Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).”
Ex parte Coble, 72 So.3d at 658.
The mother claims that the juvenile court erred by requiring her to undergo a psychological evaluation because, she asserts in her brief, the father “allegedly” abused her. In support of her one-page argument, she cites § 30-3-135(d), Ala. Code 1975,'which provides:
“(d) The court may refer but shall not order an adult who is a victim of family or domestic violence to attend counseling relating to the victim’s status or behavior as a victim, individually or with the perpetrator of domestic or family violence as a condition of receiving custody of a child or as a condition of visitation.”
The mother’s argument is misguided and unsupported. . The mother has presented no evidence in the materials provided to this court indicating that the father abused her; therefore, § 30-3-135(d) is not applicable. Moreover, had we concluded that the mother was a victim of domestic violence, the juvenile court’s order for the mother to submit to a psychological evaluation is not an order for the mother to attend counseling related to her status as a victim as a condition to her receiving custody or visitation with the child. Finally, to the extent that the mother asserts that the circuit court improperly ordered the evaluation to be “performed by a psychologist associated with the [father’s] counsel,” the mother provides no information to this court upon which we can base a determination as to whether or how the psychologist selected by the juvenile court is “associated” with the father’s attorney. *1043 In conclusion, the mother has failed to demonstrate a clear legal right to the requested relief. Therefore, we deny the mother’s petition for a writ of mandamus.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. A transcript of the October 15, 2012, hearing is not included in the materials submitted to this court; however, certain documents indicate that the father is a former Catholic priest.

. The mother’s motion was denied by an order entered by the juvenile court on September 26, 2013.