MOORE, Chief Justice
(dissenting).
I respectfully dissent. The Seventh Amendment to the United States Constitution provides: “In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved — ” Likewise, Article I, § 11, Ala. Const.1901,. provides: “[T]he right of trial by jury shall remain inviolate.” Because of these constitutional safeguards, this Court once held to the following rule regarding the waiver of jury trials through arbitration agreements:
“We must emphasize that any arbitration agreement is a waiver of a party’s right under Amendment VII of the United States Constitution to. a trial by jury and, regardless of the federal courts’ policy favoring arbitration, we find nothing in the [Federal Arbitration Act] that would permit such a waiver -unless it is made knoimngly, willingly, and voluntarily.”
Allstar Homes, Inc. v. Waters, 711 So.2d 924, 929 (Ala.1997) (emphasis added). See also Mall, Inc. v. Robbins, 412 So.2d 1197, 1199 (Ala.1982) (“This Court recently enunciated' three factors in determining whether'to enforce a contractual waiver of the right to trial by jury: (1) whether the waiver is buried deep in a long contract; (2) whether the bargaining power of-the parties is equal;' and (3) whether the waiver was intelligently and knowingly made” (citing Gaylord Dep’t Stores of Alabama v. Stephens, 404 So.2d 586 (Ala.1981))).
In contrast, I believe that the Court’s decision in this ease, like another recent decision of this Court, is a far departure from Allstar’s requirement that a waiver be made knowingly, willingly, and voluntarily. In this Court’s recent decision of American Bankers Insurance Co. of Florida v, Tellis, 192 So.3d 386 (Ala.2015), this Court held that five policyholders had assented to a predispute arbitration agreement with an insurance company, even though they never received or signed copies of the arbitration agreement. This Court reasoned that the insurance policies referenced the form numbers of the standalone arbitration provisions, which should have notified the policyholders that they were agreeing to “something” in addition to the plain language of the agreement. The Court concluded that the policyholders ratified the entire agreement, including the stand-alone arbitration provisions that they did not even receive, because they had renewed the policies and paid the required premiums.
.Like the Court’s .decision in American Bankers, the Court’s decision in the present case makes it easier, instead of more *978 difficult, for people to unwittingly waive their right to a trial by jury. In both cases, there was no evidence indicating that the plaintiffs had signed an arbitration agreement. Moreover, this case goes .even one step further than American Bankers: the plaintiffs in American Bankers were all policyholders, but the plaintiff in this case was not even a party to the original agreement. Dissenting in American Bankers, I wrote: “Policyholders are entitled to know in advance what their obligations are and whether they are expected to give up their rights, instead of being subjected to a game of insurance-company ‘peek-a-boo.’ ” American Bankers, 192 So.3d at 403 (Moore, C.J., dissenting). Under the reasoning of today’s case, insurance companies can play “peek-a-boo” not only with the constitutional rights of their policyholders, but also with the constitutional rights of persons who are not even parties to the insurance policy.
Furthermore, as to the specific issue whether to arbitrate arbitrability, I believe that the Court’s decision is inconsistent with the precedent of the United States Supreme Court. As to the issue of arbi-trability, the United States Supreme Court has held: “Courts should not assume that the parties agreed to arbitrate arbitrability unless there is ‘clea[r] and unmistakable]’ evidence that they did so.” First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (quoting AT & T Techs., Inc. v. Communications Workers of America, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (emphasis added)). The Court further noted in First Options:
“In this manner-the law treats silence or ambiguity about'the question ‘who (primarily) should decide arbitrability’ differently from the way it treats silence or ambiguity about the question ‘whether a particular merits-related dispute is arbi-trable because it is within the scope of a valid arbitration agreement’ — for in respect to this latter question the law reverses the presumption.”
514 U.S. at 944-45, 115 S.Ct. 1920. Thus, even the United States Supreme Court, which usually favors construing ambiguities in favor of arbitration, presumes that the issue of arbitrability is for the court, not the arbitrator, to decide.[3]
However, in this case, the Court holds that it is for the arbitrator, not the court, to decide the issue of arbitrability. The Court reasons that, under Anderton v. Practice-Monroeville, P.C., 164 So.3d 1094 (Ala.2014), the issue of arbitrability is properly submitted to the arbitrators so long as the arbitration agreement says that arbitration will be governed by the rules of the American Arbitration Association (“the AAA”) and so long as those rules provide that arbitrability will be decided by the arbitrators. I dissented in Ander-ton, and I dissent in this case, partly because I cannot agree that stating that the rules of the AAA will govern the arbitration, without more, constitutes “clear and *979 unmistakable evidence” that the parties intended to submit the issue of arbitrability to the arbitrators. Nothing on the face of the policy indicates that the arbitrators would have the power to decide whether they had the power to decide the case. In the absence of such language, I cannot agree that a mere reference to the AAA’s rules constitutes “clear and unmistakable evidence” that the issue of arbitrability was intended to be submitted to the arbitrator.
I believe that today’s decision is the result of following the crooked path of precedent. See Lorence v. Hospital Bd. of Morgan Cnty., 294 Ala. 614, 618-19, 320 So.2d 631, 634-35 (1975) (reproducing a poem by Sam Walter Foss illustrating the dangers of blindly following precedent). As I argued in my dissent in American Bankers, the right to trial by jury has suffered greatly because of the decisions of the United States Supreme Court, which have not even taken the Seventh Amendment into account. I continue to maintain, as I said in American Bankers, that pre-dispute arbitration agreements are unenforceable under the Seventh Amendment. American Bankers, 192 So.3d at 395 (Moore, C.J., dissenting); see also Ex parte First Exchange Bank, 150 So.3d 1010, 1010 (Ala.2013) (Moore, C.J., concurring specially). But even if predispute arbitration agreements are enforceable, Allstar requires us to ask whether the agreement was made “knowingly, intelligently, and voluntarily,” and First Options requires us to ask whether there is “clear and unmistakable evidence” that the issue of arbitrability was intended to be submitted to the arbitrators. Instead of protecting the right of trial by jury, we have drifted far from that right, blindly following the crooked path, of precedent, arriving in a place where the right to trial by jury is but a meaningless phrase in our cherished Bill of Rights.
I respectfully dissent.

. The Court later held that some matters of arbitrability, called "procedural arbitrability,” are for the arbitrator, not for the court, to decide. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002). However, this Court has held that the issues "whether a valid agreement to arbitrate” and "whether the specific dispute falls within the scope of that agreement” are questions of "substantive arbitra-bility,” which are for the court, not the arbitrator, to decide. Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C., 35 So.3d 601, 604 (Ala.2009). "The question whether an arbitration provision may be used to compel arbitration of a dispute between a nonsignatory and a signatory is a question of substantive arbitra-bility (or, under the Supreme Court's terminology, simply ‘arbitrability’).” Anderton v. Practice-Monroeville, P.C., 164 So.3d 1094, 1101 (Ala.2014).